UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KRISTA HEYWOOD,

        Plaintiff,

  v.

ZOETIS INC.,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# C O M P L A I N T

Plaintiff Krista Heywood alleges the following for her complaint against Zoetis Inc.

## NATURE OF THE CASE

1.    This is an employment case that arises under the Family and Medical Leave Act (FMLA).

2.    Plaintiff Krista Heywood worked for Defendant where she took FMLA leave. When she returned from her FMLA leave, Defendant refused to return Heywood to the position that she held before she took leave.

3.    Heywood opposed and reported Defendant's violations of the FMLA to the company's corporate human resources department. Defendant's corporate human resources team investigated and determined that Defendant's local human resources department and managers

should have returned Heywood to the position she held before taking FMLA leave.

4. After that, Defendant's local human resources department and managers turned on Heywood and targeted her for discipline that she did not deserve and that they knew was false.

5. Defendant then eventually terminated Heywood's employment for reasons that were noticeably flimsy ("not being committed") and which were an obvious pretext meant to cover up the real reason for her dismissal: Heywood's reporting of Defendant's violations of the FMLA to the company's corporate human resources department.

6. Because of Defendant's violations of the FMLA, Heywood has suffered damages that include, but are not limited to, lost wages and benefits, liquidated damages, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Krista Heywood is an individual person who resides in Kalamazoo County, Michigan.

8. Defendant Zoetis is a corporation organized under the laws of the State of Delaware that maintains a production facility in Kalamazoo County, Michigan. Defendant employed more than 50 employees and is otherwise considered an employer within the meaning of the FMLA at all times relevant to the complaint.

9. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

10. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the FMLA in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The FMLA also independently provides for subject matter jurisdiction in the United States courts. 29 U.S.C. § 2617(a)(2).

11. Venue is appropriate in this judicial district in accordance with Title 28 of the

United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

12. Plaintiff Krista Heywood worked as a shift coordinator for Defendant at its production facility located in Kalamazoo, Michigan beginning in May 2021 and ending on April 7, 2023.

13. Heywood was eligible for leave under the FMLA in 2022 and 2023 and at all times relevant to the complaint.

14. In the fall of 2022, Heywood provided Defendant with notice of her need for FMLA leave for herself.

15. Defendant approved Heywood for FMLA leave and she took FMLA leave from September 29, 2022 until November 30, 2022.

16. Heywood returned from FMLA leave on December 1, 2022. When she returned to work, Defendant refused to return Heywood to the position that she held before taking FMLA leave.

17. Heywood reported Defendant's violations of the FMLA to Defendant's corporate human resources department.

18. After an investigation that was critical of Defendant's local human resources employees and its managers in Kalamazoo, Defendant restored Heywood to her position before she took FMLA leave.

19. After having been called to the carpet by the corporate human resources department in response to Heywood's complaints, Defendant's local human resources employees and its managers in Kalamazoo then began a campaign to harass, intimidate, and retaliate against Heywood where, for example, they proceeded to write her up for discipline that she did not deserve and that Defendant's local human resources employees and managers knew was false.

20. Due to the stress of Defendant's retaliatory treatment, Heywood was forced to take another leave under the FMLA from December 15, 2022 to February 19, 2023.

21. Heywood returned from her second FMLA leave on February 20, 2023. And, when she did, Defendant's local human resources employees and its managers in Kalamazoo immediately continued their campaign to harass, intimidate, and retaliate against Heywood because she had reported Defendant's violations of the FMLA to Defendant's corporate human resources department.

22. Defendant's local human resources employees and its managers in Kalamazoo continued to write Heywood up for discipline that she did not deserve and that they knew was false.

23. Defendant's local human resources employees and its managers in Kalamazoo then eventually terminated Heywood's employment for supposedly "not being committed"—which was not true. The real reason Defendant fired Heywood was in retaliation for her complaints where she reported Defendant's violations of the FMLA to the company's corporate human resources department.

## COUNT 1

### RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

24. Heywood repeats and incorporates all the previous allegations in her complaint.

25. Heywood was eligible for and entitled to leave under the FMLA.

26. Heywood engaged in activity protected by the FMLA by, among other things, when she took FMLA leave and opposed Defendant's violations of the statute after she returned from FMLA leave.

27. Defendant knew about Heywood's protected activity.

28. Defendant terminated Heywood's employment after it learned of Heywood's protected activity.

29. There was a causal connection between Heywood's FMLA protected activity and Defendant's decision to terminate her employment.

30. Heywood suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, liquidated damages, attorney's fees, and litigation costs.

## JURY DEMAND

31. Heywood demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

32. Plaintiff Krista Heywood requests that the Court enter a judgment in her favor and against Zoetis Inc. in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, liquidated damages, attorney's fees, litigation costs, and interest.

33. Heywood also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

KRISTA HEYWOOD

Dated: May 16, 2023

By: /s/ Mark S. Wilkinson
Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com